1
2
3
4
5
6
7

8  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
9  AT SEATTLE

10

11  JOHN DOE,                           CASE NO. 2:22-cv-01399-TL

12           Plaintiff,
         v.                             ORDER ON PLAINTIFF'S
13                                      ANONYMITY
    REVATURE LLC et al,
14
             Defendants.
15

16

17       This is an employment discrimination case based on Plaintiff's alleged disability. This

18  matter is before the Court on its prior order to show cause (Dkt. No. 8), Defendants' unopposed

19  motion to seal (Dkt. No. 44), and Plaintiff's motion to amend (Dkt. No. 48). Having considered

20  the relevant record, the Court DENIES Plaintiff leave to proceed anonymously, DENIES the motion

21  to seal, DISMISSES the complaint, and GRANTS leave to amend the complaint for the reasons

22  below.

23

24

ORDER ON PLAINTIFF'S
ANONYMITY - 1

## I.  BACKGROUND

Plaintiff "John Doe" brings this action against Revature LLC, his former employer, and various individuals associated with Revature based on claims of employment discrimination arising under the equal protection clause of the Fourteenth Amendment, the Americans with Disabilities Act of 1990 ("ADA") and other federal statutes, and state law claims of libel and defamation. Dkt. No. 5 at 4 (complaint). Plaintiff alleges that he was discriminated against based on a disability (a diagnosis of schizoaffective disorder, bipolar type), during his employment with Revature. *Id.* at 5–6. The alleged acts of discrimination include disclosing Plaintiff's mental health condition to others at the workplace, making jokes containing sexual innuendo, failing to appropriately respond to his complaints regarding harassment, and terminating his employment. *Id.* Plaintiff alleges that he was subjected to harassment, a hostile and abusive work environment, and threats of retaliation. *Id.* Plaintiff seeks compensatory damages, punitive damages, and costs and fees. *Id.* at 7.

Plaintiff filed this action without legal representation and was granted leave to proceed *in forma pauperis*, or without paying the filing fee. Dkt. No. 4. The operative complaint simply names Plaintiff as "John Doe," but Plaintiff's accompanying files for his application to proceed *in forma pauperis* contain Plaintiff's actual name. Dkt. Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5, 5. The Court accordingly temporarily sealed all filings mentioning Plaintiff's name but issued an order to show cause (the "Order to Show Cause") directing Plaintiff to clarify whether he intends to proceed anonymously in this litigation and the grounds to justify doing so, given that the law ordinarily requires the naming of all parties in litigation. Dkt. No. 8 at 3–4. The Court specified that, while no Defendant had appeared in the action at the time, Defendants could move to have Plaintiff proceed under his actual name or unseal any document once they appeared. *Id.* at 4–5.

Plaintiff filed a notice of intent to proceed anonymously (Dkt. No. 9) and then filed a response containing arguments as to why he should be permitted to proceed anonymously (Dkt. No. 11).

While the issue of Plaintiff's anonymity was pending before the Court, the Court granted Plaintiff's motion for the appointment of counsel and directed that Plaintiff file an amended response to the Order to Show Cause if he wished to replace his prior response. Dkt. No. 33 at 2. Plaintiff, now with legal representation, filed an amended response.[1] Dkt. No. 36.

Plaintiff's amended response provides certain details about his past. Namely, Plaintiff represents that in 2014, he was arrested, declared not guilty by reason of insanity, and eventually committed to a state hospital in May 2015 (presumably for psychiatric services), where he was diagnosed with schizoaffective disorder, bipolar type. *Id.* at 1. The 2014 criminal incident attracted national media attention, including reporting by national media sources that are purportedly still available. *Id.* Plaintiff was discharged in 2017 on the court-ordered condition that he participate in an outpatient program. *Id.* He stopped participation in the program in 2020 and is subject to an outstanding arrest warrant in Virginia. *Id.* He was "recently" arrested and held in jail for 10 days in Texas, until he was released because "Virginia refused to extradite" him. *Id.* Plaintiff disputes that his 2015 commitment was lawful. *Id.* at 2.

Separately, Plaintiff suspects that Plaintiff's first job offer out of college, obtained in 2019, was rescinded due to his disability. *Id.* Plaintiff legally changed his name in July 2020. *Id.* He then worked for a new employer until his position was outsourced in June 2021. *Id.* He began to work at Revature on August 23, 2021, and was terminated from his position on March 22,

---

[1] While the amended response is labeled as a "Supplemental Motion to Proceed Anonymously," the Court presumes the filing was intended to be consistent with the Court's prior instruction and takes it to replace Plaintiff's prior response to the Order to Show Cause in its entirety.

ORDER ON PLAINTIFF'S
ANONYMITY - 3

2022. Dkt. No. 5 at 4–5. All three positions appear to have been in Plaintiff's chosen profession of computer technology. Dkt. No. 36 at 2. Currently, Plaintiff is employed as a dishwasher. *Id.*

After filing the amended response to the Order to Show Cause, Plaintiff's counsel moved to withdraw as counsel, stating that Plaintiff had requested "an immediate withdrawal" of his services and that continued representation was "untenable." Dkt. No. 41 at 1. Plaintiff, now effectively *pro se*, filed a new supplement to his amended response to the Order to Show Cause. Dkt. No. 47. The Court granted the motion to withdraw as counsel. Dkt. No. 49 at 5.

All Defendants have appeared in the case. No Defendant has opposed or otherwise responded to any of the anonymity-related filings. Therefore, the issue of whether Plaintiff may proceed anonymously is fully briefed and before the Court for its consideration.

Also pending before this Court is Defendants' motion to compel arbitration and stay claims (the "Motion to Compel Arbitration"). Dkt. No. 23. Plaintiff opposes the Motion to Compel Arbitration. Dkt. Nos. 38, 46. The Motion to Compel Arbitration inadvertently included Plaintiff's name, and at Plaintiff's request, Defendants soon after moved to seal the Motion to Compel Arbitration (Dkt. No. 44), which remains temporarily sealed pending the Court's ruling. Plaintiff has also moved to amend his complaint (Dkt. No. 48), which Defendants do not oppose.

## II.    LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). A party's use of fictitious names "runs afoul of the public's common law right of access to judicial proceedings." *Does I through XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Federal Rule of Civil Procedure 10(a) also requires that the title of a complaint identify by name all parties in the suit. *See id.* (citing Fed. R. Civ. P. 10(a)). A court may permit a party to proceed anonymously in judicial proceedings only "in special circumstances when the party's need for

1  anonymity outweighs prejudice to the opposing party and the public's interest in knowing the
2  party's identity." *Id.* at 1068. The decision to grant or deny a party's request to proceed
3  anonymously is at the court's discretion. *See Kamehameha Schs.*, 596 F.3d at 1042 (reviewing
4  for abuse of discretion).

### III.   DISCUSSION

Plaintiff argues that he should be permitted to proceed on an anonymous basis because he fears that litigating under his name will "result in severe social stigmatization, negatively affect his ability to secure future employment in his chosen profession, and . . . expose him to harassment in his current employment," as well as "expose him to arrest based on the outstanding Virginia [arrest] warrant." Dkt. No. 36 at 2.

**A.   The Governing Standard for Anonymity**

In *Advanced Textile Corp.*, the Ninth Circuit noted that courts have permitted plaintiffs to proceed anonymously in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is required to preserve privacy in a sensitive and highly personal matter; or (3) when the party is compelled to admit their intention to engage in illegal conduct and identification could therefore risk criminal prosecution. *Adv. Textile Corp.*, 214 F.3d at 1068. The Ninth Circuit then adopted the following balancing test: "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

The Ninth Circuit went on to hold that, where "pseudonyms are used to shield the anonymous party from *retaliation*," a court should evaluate the following three factors: (1) the severity of the threatened harm; (2) the reasonableness of the fear of such harm; and (3) the party's vulnerability to such retaliation. *Id.* (emphasis added). A court must then go on to

ORDER ON PLAINTIFF'S
ANONYMITY - 5

1   determine any prejudice the opposing party might suffer at each stage of the proceedings (and
2   whether such prejudice can be mitigated) and whether the public's interest would be served by
3   requiring the litigants to reveal their identities. *Id.*

4   Read in the most straightforward manner, *Advanced Textile Corp.* seemingly sets forth
5   the following analytical framework: A court must balance the interests of a party seeking
6   anonymity against the interests of the opposing party and the interests of the public to determine
7   whether anonymity is appropriate. Specifically, there are three common situations in which
8   anonymity might be particularly warranted; and in the first of such category—where a party fears
9   *retaliatory harm* if they were to be named in the suit—there are three specific factors that are
10  relevant to evaluating the party's interests in remaining anonymous. And, indeed, the wording of
11  these factors makes it clear that they apply specifically to situations involving potential
12  retaliation, as they reference "threatened harm," "fears," and "vulnerability to such retaliation."
13  *See id.*

14  However, courts have diverged widely in their reading of *Advanced Textile Corp.* Many
15  courts—including the Ninth Circuit—read *Advanced Textile Corp.* as establishing a five-factor
16  test for *any* situation in which a party seeks anonymity, by combining the three factors in
17  *Advanced Textile Corp.* with prejudice to the opposing party and the public's interest to make
18  five factors. Specifically, in *Kamehameha Schools*, the Ninth Circuit summarized the holding of
19  *Advanced Textile Corp.* as follows: "[t]o determine whether to allow a party to proceed
20  anonymously when the opposing party has objected, a district court must balance five factors."
21  596 F.3d at 1042. In short, *Kamehameha Schools* removed *Advanced Textile Corp.*'s "retaliatory
22  harm" qualifier and instead combined the three factors with the balancing test to apply a five-
23
24

ORDER ON PLAINTIFF'S
ANONYMITY - 6

factor test.[2] *Kamehameha Schools* nonetheless applied the five-factor test to a situation in which plaintiffs feared retaliatory harm, *see id.* at 1043 ("[T]he Doe children primarily fear physical harm if their identities are revealed . . . . These threats of physical retaliation are undoubtedly severe."), rendering its reformulation of the *Advanced Textile Corp.* test seemingly *dicta*. Still, many courts—including in this District—since then have considered the five-factor test as the standard test to apply when examining the anonymity of a party. *See, e.g.*, *Langworthy v. Whatcom Cnty. Super. Ct.*, No. C20-1637, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021) (citing five-factor test for anonymity); *Doe v. Amazon.com*, No. C11-1709, 2011 WL 13073281, at *2 (W.D. Wash. Dec. 23, 2011) (same); *see also Roe v. Stanford Health Care*, No. 20-55874, 2022 WL 796798, at *1 (9th Cir. Mar. 15, 2022) (unpublished opinion) ("In determining whether to allow anonymity, a court 'must balance five factors . . . .'" (quoting *Kamehameha Schs.*, 596 F.3d at 1042)).

      Other courts, however, only apply the balancing test of *Advanced Textile Corp.*, often without acknowledging *Kamehameha Schools*, and weigh the anonymity-seeking party's interests against the interests of the opposing party and the public. *See, e.g.*, *D.C. v. Pierce Cnty.*, No. C10-5246, 2010 WL 3814051, at *1–2 (W.D. Wash. Sept. 27, 2010) (using balancing test to find anonymity was not warranted for plaintiff whose claims were based on officer taking a photograph of her genitals and posting it on law enforcement website). Some courts specifically note that the three additional factors considered in *Advanced Textile Corp.* are only implicated when retaliatory harm (as opposed to personal privacy or risk of self-incrimination) is at issue. *See, e.g.*, *R.W. v. Columbia Basin Coll.*, No. C18-5089, 2018 WL 11436320, at *1 n.1 (E.D.

---

[2] Courts since *Kamehameha Schools* do not appear to have picked up on the "when the opposing party has opposed" qualifier, instead using any lack of opposition from the opposing party as evidence of minimal prejudice to the opposing party. *See infra*, Section III.B.2 (citing cases).

ORDER ON PLAINTIFF'S
ANONYMITY - 7

1   Wash. Oct. 16, 2018) (declining to apply five-factor test because no fear of retaliatory harm was
2   alleged); *see also Doe 1 v. GitHub, Inc.*, No. C22-6823, 2023 WL 3449131, at *7–8 (N.D. Cal.
3   May 11, 2023) (noting the three factors as relevant "[w]here a party seeks to proceed
4   pseudonymously on the basis of retaliatory harm" and finding pseudonym appropriate where
5   plaintiffs and their counsel were receiving death threats).

6         Having reviewed *Advanced Textile Corp.* and its progeny in detail, the Court concludes
7   that, ultimately, what is essentially required is to balance the anonymity-seeking party's interest
8   against the interests of the opposing party and the public. A party seeking anonymity ordinarily
9   claims that they would suffer harm otherwise, and so, as a practical matter, a court must look to
10  how justifiable that claim is, including the severity, impact, and likelihood of the alleged harm as
11  appropriate, in weighing the party's interest. *See Doe v. Megless*, 654 F.3d 404, 408–09 (3d Cir.
12  2011) (citing different factors used to assess anonymity, including by Ninth Circuit, and noting
13  that ultimately, "the purpose of the balancing test is to allow a district court to determine whether
14  a litigant has a reasonable fear of severe harm that outweighs the public's interest in open
15  litigation").

16  **B.    Plaintiff's Entitlement to Anonymity**

17        Proceeding now to whether Plaintiff has demonstrated an entitlement to anonymity in this
18  matter, the Court finds that he has not.

19        Plaintiff, focusing on the three *Advanced Textile Corp.* situations that might warrant
20  anonymity (retaliation, privacy, and self-incrimination), acknowledges that he is not under real
21  threat of retaliation because he is no longer employed at Revature and because mere fear of

22
23
24

ORDER ON PLAINTIFF'S
ANONYMITY - 8

future economic hardships from a stigma cannot justify anonymity.[3] Dkt. No. 36 at 4. His primary argument rests on the second *Advanced Textile Corp.* situation: the protection of a party's privacy in sensitive and highly personal matters. *Id.* at 5. Plaintiff also asks that the Court permit him to proceed anonymously "to the extent that Plaintiff's present status places him as acting outside of the law." *Id.* at 6. In a supplemental brief, Plaintiff argues that denying him anonymity will lead to the "absurd result" of counteracting the purpose of this lawsuit and that the disclosure of his medical information is prohibited by various laws. Dkt. No. 47-1.[4] In the alternative, Plaintiff requests that this Court permit him to amend the complaint to include his name. Dkt. No. 36 at 7. Defendants have not responded. *See* Dkt. No. 44 (acknowledging "Defendants did not file an opposition to Plaintiff's motion [for anonymity]").

The Court now proceeds to balance Plaintiff's interests in remaining anonymous against the interests of Defendants and the public.

**1.    Plaintiff's Interest**

Plaintiff's fears regarding using his name in this litigation center around: (1) social stigma, including at his current workplace; (2) negative consequences for his future employment; and (3) exposure to criminal prosecution given the outstanding arrest warrant. Dkt. No. 36 at 2. For factual support, Plaintiff emphasizes his medical and criminal history, *see supra* Section I, and that his diagnosis of schizoaffective disorder, bipolar type, is "not common and frequently

---

[3] Retaliatory harm does not need to come from the opposing party. *See, e.g.*, *Kamehameha Schs.*, 596 F.3d at 1045 (examining fear of retaliation from general public, given publicity of the case and threats of violence online); *Day v. Cal. Lutheran Univ.*, No. C21-1286, 2022 WL 2965769, at *3 (C.D. Cal. June 9, 2022) (examining fear of retaliation from defendant school's student body, press, and general public), *appeal docketed*, No. 22-55825 (9th Cir. Sept. 7, 2022).

[4] This supplemental brief was not authorized by the Court (or any rule) and could be stricken on that basis. However, the Court recognizes that Plaintiff is *pro se* and that the body of his brief only comprises two pages. Therefore, the Court will—in this limited instance—consider this supplemental brief. Plaintiff is warned that other unauthorized briefing may be stricken, denied, or ignored summarily.

misunderstood." *Id.* at 1. Plaintiff also believes that he has already suffered discrimination on the basis of his disability twice in the employment context, once from a would-be employer who rescinded its offer and the other time during his employment at Revature. *Id.* at 2.

As an initial matter, the events surrounding Plaintiff's arrest and institutionalization in 2014 and 2015—which Plaintiff represents garnered national media attention—occurred over eight years ago and are less likely to affect his current or future life. *See Cal. Lutheran Univ.*, 2022 WL 2965769, at *5 (finding ongoing fear was not reasonable because the underlying events occurred over two years ago). Even more significantly, Plaintiff has *changed his name* since those events. Dkt. No. 36 at 2. His current name, therefore, is divorced from the 2014 and 2015 events—or virtually anything that occurred prior to his name change in July 2020. Based on the current record, there is little to indicate that proceeding under his current name is likely to cause Plaintiff harm based on these events.

There is also no indication that Plaintiff needs greater protection than the average ADA plaintiff who risks publicity by filing a lawsuit. *See Langworthy*, 2021 WL 1788391, at *5 ("[W]hile all ADA plaintiffs face that risk [of experiencing discrimination from publicity], there is no tradition of anonymous ADA litigation."); *Doe v. Samuel Merritt Univ.*, No. C13-7, 2013 U.S. Dist. LEXIS 40400, at *1 (N.D. Cal. Mar. 21, 2013) ("[I]n many, if not all, ADA access cases, the plaintiff does *not* proceed under a pseudonym."). "While physical harm presents the paradigmatic case for allowing anonymity, extreme nonphysical retaliation may also be sufficient." *Amazon.com, Inc.*, 2011 WL 13073281, at *3 (holding that fears of cyber bullying and harm to personal or professional reputation were not sufficiently serious to warrant anonymity); *accord Kamehameha Schs.*, 596 F.3d at 1043–44. Plaintiff cites no threat of physical or other serious harm from proceeding under his name. *Cf. Kamehameha Schs.*, 596 F.3d at 1043–44 (emphasizing gravity of online threats of violence and murder against plaintiff

children); *Karnoski v. Trump*, No. C17-1297, 2017 WL 11431253, at *1 (W.D. Wash. Oct. 10, 2017) (protecting closeted transgender woman in military challenging the military's ban on transgender members, given threat of military discharge and likely loss of military career); *Roe v. Providence Health Sys.-Or.*, No. C06-1680, 2007 WL 1876520, at *2 (D. Or. June 26, 2007) (noting serious risk of stalking and violence from person against whom plaintiff had a restraining order). At most, Plaintiff speculates that he might endure harassment at his current employment (Dkt. No. 36 at 2), but he provides nothing to show that this is likely, other than his suspicion that prior employers acted against him based on his disability. *See Quinteros v. InnoGames*, No. C19-1402, 2019 WL 5957456, at *2 (W.D. Wash. Nov. 13, 2019) ("Plaintiff certainly *may* face further harassment, but Plaintiff does not establish a reason to believe that such harassment is *likely* to occur."). Nor does Plaintiff point to any particular vulnerability he has against the feared harm. *Cf. Kamehameha Schs.*, 596 F.3d at 1045 (affirming the conclusion that the youth of plaintiff children was a vulnerability); *M.L. v. Craigslist*, No. C19-6153, 2020 WL 8639345, at *1 (W.D. Wash. July 8, 2020) (finding survivor of multi-year sex trafficking, as a minor and as an adult, was particularly vulnerable).

As Plaintiff seemingly admits (Dkt. No. 36 at 4), a generalized fear of harm to one's personal reputation or professional reputation, even if it might result in economic harm, is not enough to justify anonymity. *See, e.g.*, *Amazon.com, Inc.*, 2011 WL 13073281, at *3 (finding potential negative effect on future career opportunities for actress was not enough to warrant anonymity); *Quinteros*, 2019 WL 5957456, at *2 (finding concerns to be over-generalized for female gamer who feared harassment and damage to her personal and professional reputation). Plaintiff relies on *Department of Fair Employment & Housing v. Law School Admission Council, Inc.*, in which a court permitted three plaintiffs with Attention Deficit Disorder, Attention Deficit Hyperactivity Disorder, and neurological impairments resulting from a rare brain disease to

proceed anonymously in part because they were law school students (or applicants) who feared stigma and discrimination in future legal employment. No. C12-1830, 2012 WL 3583023, at *3–5 (N.D. Cal. Aug. 20, 2012). But the court fully recognized that plaintiffs' fears "[did] not reach the same level of severity that . . . [have been] deemed sufficient" for anonymity in other cases. *Id.* at *3. The court relied on the existence of *fourteen* other named plaintiffs who were in a similar position to the three anonymous plaintiffs, which significantly diminished any prejudice to the defendant or the public. *Id.* at *4–5. No such mitigating factor exists here.

The Court does not doubt that Plaintiff's diagnosis can result in generalized social stigma and negative biases in his personal and professional life, and the Court is sympathetic to that reality. But that alone is not enough to show that Plaintiff's anonymity is "necessary to preserve privacy in a matter of sensitive and highly personal nature." *Adv. Textile Corp.*, 214 F.3d at 1068 (internal quotation marks omitted) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)); *see also Langworthy*, 2021 WL 1788391, at *5 (denying anonymity for ADA plaintiff whose disabilities included generalized anxiety disorder and Post-Traumatic Stress Disorder, while "recogniz[ing] that exposing her disabilities publicly . . . carries some risk that she will experience discrimination"). Plaintiff has not shown, for example, that his diagnosis is as inflammatory as the issue of abortion, *see, e.g.*, *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) ("The Supreme Court has given implicit recognition to the use of pseudonyms in the abortion cases . . . ."), or an HIV-positive diagnosis, *see, e.g.*, *Doe One v. CVS Pharmacy, Inc.*, No. C18-1031, 2022 WL 3139516, at *1 n.1 (N.D. Cal. Aug. 5, 2022) (noting HIV-positive plaintiffs challenging access to HIV medication, two of whom had passed away during the course of litigation, were anonymous "due to the sensitive nature of this action").

Plaintiff also appears to fear the enforcement of an outstanding arrest warrant against him in another state. Dkt. No. 36 at 1, 6. As previously noted, *Advanced Textile Corp.* references

situations in which anonymity might be justified because a party is compelled to admit to an intent to engage in illegal conduct. *See* 214 F.3d at 1068. But neither Plaintiff's evasion of the arrest warrant nor his disclosure of the outstanding arrest warrant was *compelled* here, whether by a court order or the litigation of Plaintiff's claims. Plaintiff also does not admit to an *intent* to engage in illegal conduct, but instead seeks the Court's assistance in hiding his prior conduct—which is unrelated to his claims against Defendants—from the law. The Court declines to do so.

Finally, Plaintiff appears to argue that denying him anonymity would moot the point of his litigation, as he brings this action based on the allegedly unlawful disclosure of his disability by Defendants. Dkt. No. 47-1 at 3 (referencing "[t]he absurdity principle"). Courts have recognized that, if naming a party would vitiate the very relief being sought, this weighs in favor of anonymity. *See, e.g.*, *Does 1-10 v. Univ. of Wash.*, No. C16-1212, 2016 U.S. Dist. LEXIS 195722, at *6 n.1 (W.D. Wash. Aug. 29, 2016) ("[D]isallowing Doe Plaintiffs to proceed pseudonymously would vitiate the relief Doe Plaintiffs seek—the redaction of their identities and identifying information from . . . documents . . . ."). *But see Amazon.com, Inc.*, 2011 WL 13073281, at *5 (denying anonymity despite acknowledging plaintiff, an actress challenging website's public disclosure of her age, "may be correct" that proceeding under her name "would obviate the purpose of her lawsuit").

This argument fails here, however. This is a case seeking damages for past injuries, not a suit for injunctive and prospective relief against the public disclosure of Plaintiff's mental health condition. Disclosing Plaintiff's name would not erase the relief that Plaintiff seeks. *See, e.g.*, *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) (rejecting anonymity and noting plaintiffs may seek relief in the future if they suffer injuries due to their participation in lawsuit). Plaintiff's characterization of his lawsuit is also misleading. The crux of his claim for relief is that he allegedly suffered negative employment-related consequences (harassment, a hostile

work environment, and termination) due to a disability, not that any and all disclosure of the disability is unlawful. And, to the extent that Plaintiff now seeks to introduce such an argument, it is improperly raised in his supplemental response to the Order to Show Cause rather than in his complaint. *See* Dkt. No. 47-1 at 3 (arguing "fundamental due process right to privacy under the U.S. Constitution" against disclosure of his medical information).

Accordingly, Plaintiff's interests do not significantly weigh in favor of anonymity.

**2.      Defendants' Interest**

Defendants are aware of Plaintiff's identity and do not oppose Plaintiff's request to proceed anonymously. *See* Dkt. No. 44 at 2 (showing Defendants' use of Plaintiff's name in a filing and Defendants' lack of opposition to anonymity). At this relatively early stage of the proceedings, this suggests Defendants would suffer minimal prejudice if Plaintiff were to proceed under a pseudonym. *See, e.g.*, *Univ. of Wash.*, 2016 U.S. Dist. LEXIS 195722, at *7 (finding no prejudice to defendants where defendants chose not to respond); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. C11-2108, 2012 WL 2995064, at *5 (W.D. Wash. July 20, 2012) (finding that "anonymity [of plaintiffs] will only marginally affect the defendant's ability to litigate the case and mount a defense" where defendant USCIS knew plaintiffs' full names and alien numbers); *see also* Local Civil Rule ("LCR") 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

The Court is aware, however, that prejudice to Defendants must be determined at each stage of the proceedings, *see Adv. Textile Corp.*, 214 F.3d at 1068, and it may be that potential prejudice to Defendants will increase in later stages of the litigation. *See id.* at 1072 ("We recognize that at some later point in the proceedings it may be necessary to reveal plaintiffs' identities to defendants so that defendants may refute individualized accusations . . . ."); *Univ. of*

*Wash.*, 2016 U.S. Dist. LEXIS 195722, at *6 (noting potential for jury to improperly infer merit to plaintiff's claims if plaintiff is anonymous at trial).

### 3. Public's Interest

The public has a strong interest in open judicial proceedings, which weighs against the anonymity of parties. *See Kamehameha Schs.*, 596 F.3d at 1046 ("We are sympathetic to the concerns of the Doe children . . . , but we recognize the paramount importance of open courts."). This is particularly important when not knowing a party's identity could affect the public's ability to assess the merits—and the Court's decisions—in the case. *See, e.g.*, *Langworthy*, 2021 WL 1788391, at *5 ("[W]hen an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power."); *see also Rostker*, 89 F.R.D. at 162 (noting that anonymity may hinder the ability to enforce *res judicata*). By comparison, the public interest in open judicial proceedings may be less tied to the identity of a party where the merits of the case do not hinge on the individual facts of the anonymous party, such as litigation that challenges government policies or is of great public significance, *see, e.g.*, *Adv. Textile Corp.*, 214 F.3d at 1072 n.15 ("[T]he question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*."), or litigation with other near-identical and named parties on the same side, *see, e.g.*, *Dep't of Fair Emp. & Hous.*, 2012 WL 3583023, at *4 (holding that the anonymity of three plaintiffs would not substantially harm public interest in open judicial proceedings where fourteen other plaintiffs were named).

The public also has an interest in resolving a case on its merits. *See Adv. Textile Corp.*, 214 F.3d at 1073. Relatedly, courts have recognized the importance of encouraging the enforcement of constitutional or statutory rights as a matter of public policy, particularly when

such actions are brought by plaintiffs who may be easily deterred from bringing suit. *See, e.g.*, *id.* ("[F]ear of employer reprisals will frequently chill employees' willingness to challenge employers' violations of their rights."); *A.B.T.*, 2012 WL 2995064, at *5–6 ("[T]here exists a strong public interest in restricting asylum seekers' identities from the public. . . . Action that may chill a party's willingness to litigate constitutional issues and violations of statutes is generally considered against public policy."); *R.P. v. Seattle Sch. Dist.*, No. C13-2218, 2014 U.S. Dist. LEXIS 20024, at *3 (W.D. Wash. Feb. 18, 2014) (noting strong public interest in protecting identities of sexual assault victims to not deter them from reporting such crimes); *Craigslist*, 2020 WL 8639345, at *2 (emphasizing protection of sex trafficking survivors as "an extraordinarily strong public interest").

      Here, Plaintiff's identity and other facts specific to Plaintiff are closely intertwined with the merits of his claims. He does not challenge a governmental policy, for example, and he is the sole plaintiff, without other named plaintiffs. While the public's interest in resolving a case on its merits may be negatively affected if Plaintiff chooses to not proceed with this action without anonymity,[5] this alone does not defeat the presumption of proceeding under one's own name before this Court.

      The Court also notes that permitting Plaintiff to proceed anonymously would result in having to seal exhibits to the complaint and Defendants' dispositive motion, which are currently on the docket. There is a strong presumption of public access to court-filed documents. LCR 5(g); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party must show "compelling reasons" to seal records related to dispositive motions, including the complaint and its supporting materials. *See Kamakana*, 447 F.3d at 1180 ("Those who seek

---

[5] Notably, Plaintiff requests in the alternative to be permitted to amend his complaint (Dkt. No. 36 at 7) and continue in this litigation.

ORDER ON PLAINTIFF'S
ANONYMITY - 16

to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."); *Williams & Cochran, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, No. C17-1436, 2017 WL 3600417, at *2 (S.D. Cal. Aug. 17, 2017) ("[T]he 'compelling reasons' standard applies because the complaint initiates the civil action."). Therefore, permitting Plaintiff to proceed anonymously would require the Court to seal important documents from the public's view, which weighs even further against anonymity in this case. *Cf. Columbia Basin Coll.*, 2018 WL 11436320, at *3 (granting anonymity where there was no indication any document would have to be sealed on docket).

Accordingly, the public interest weighs substantially against permitting Plaintiff to proceed anonymously in this case.

### 4. Conclusion on Anonymity

Based on the above analysis, the Court finds that Plaintiff has not shown any special circumstances to justify anonymity. Plaintiff has chosen to proceed in this litigation and must accept that, in conjunction with that process, his name will be made publicly available. *See, e.g.*, *Pierce Cnty.*, 2010 WL 3814051, at *2 ("Although the Court can sympathize with Plaintiff, she decided to bring suit."). Nonetheless, the Court recognizes that detailed descriptions of Plaintiff's mental conditions and medical or criminal history may be appropriately kept from the public's view as the case progresses. *See Langworthy*, 2021 WL 1788391, at *5 (sealing specific docket item containing detailed medical documentation and psychological reports). The Parties may move for a protective order or the sealing of specific filings as the need arises.

The Court has considered all other arguments raised by Plaintiff related to this issue and finds them unavailing.

### C. Pending Motions & Next Steps

Given the number of pending and interrelated motions in this case, as well as Plaintiff's position as a *pro se* litigant, the Court will explain the next steps that may be taken by the Parties in detail.

Plaintiff is not entitled to proceed anonymously. Because all sealed filings in this matter were temporarily sealed to prevent the disclosure of Plaintiff's name pending the Court's resolution of this issue, such filings are no longer entitled to be sealed. Therefore, Defendants' motion to seal their motion to compel arbitration is STRICKEN as moot.

Rather than immediately unsealing the currently sealed filings and publishing Plaintiff's name, however, the Court will give Plaintiff the choice to remain anonymous and end this litigation or pursue his litigation under his name. If Plaintiff chooses to move forward, all sealed filings will be unsealed. Alternatively, because the public's interest in being able to scrutinize this proceeding is significantly lessened if the case ends at this relatively early juncture, the sealed filings will remain sealed if Plaintiff does not choose to proceed with this case.

Accordingly, the Court DISMISSES the current complaint for failure to name all the Parties (Dkt. No. 5) and GRANTS Plaintiff's request for thirty days to evaluate whether to amend his complaint to include his name (Dkt. No. 36 at 7). *See* Fed. R. Civ. 15(a)(2) (leave to amend to be freely given "when justice so requires"). Notably, Plaintiff has separately filed a motion to amend his complaint (Dkt. No. 48), which Defendants have not responded to. The failure to oppose a motion (except for a motion for summary judgment) may be considered an admission that the motion has merit. LCR 7(b)(2).[6] The Court therefore takes Defendants' lack of opposition as an admission of merit and GRANTS Plaintiff's motion to amend. However, if

---

[6] Given that Defendants have previously opposed a now-withdrawn motion to amend (Dkt. Nos. 37, 40, 42), they have shown their willingness and ability to do so when desired.

Plaintiff decides to file an amended complaint, Plaintiff must *only* file the amended complaint attached as a proposed amended complaint to his motion to amend, except that his name must now replace the pseudonym, "John Doe."

This Order does not resolve Defendants' motion to compel arbitration and stay claims (Dkt. No. 23). The Court provides no views on whether Plaintiff's amended complaint is or is not likely to substantially change Defendants' arguments for compelling arbitration. However, the Court recognizes the potential cost of re-briefing a motion to compel arbitration and will permit Defendants the option to: (1) supplement their current briefing upon the filing of an amended complaint, explaining any *new* or *changed* arguments necessitated by the amended complaint (with an opportunity for Plaintiff to respond); (2) withdraw the Motion to Compel Arbitration and file a new, amended motion; or (3) take no further action and stand on their prior briefing. The Court will re-note the pending motion to permit Defendants to make their decision after the filing of an amended complaint.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) Plaintiff is DENIED leave to proceed anonymously.

(2) Defendants' unopposed motion to seal (Dkt. No. 44) is STRICKEN as moot.

(3) Plaintiff's complaint (Dkt. No. 5) is DISMISSED.

(4) Plaintiff's motion to amend the complaint (Dkt. No. 48) is GRANTED. Plaintiff may file an amended complaint by **August 17, 2023**. The amended complaint must match the text of the proposed first amended complaint (Dkt. No. 48-1) attached to Plaintiff's motion to amend, except that Plaintiff's actual name must be used in place of "John Doe." ***No other alteration from the proposed amended***

*complaint is permitted without prior Court permission.* Failure to amend in accordance with the Court's instructions will result in the dismissal of this case.

(5) All sealed filings on the docket (Dkt. Nos. 1-2, 1-3, 1-4, 1-5, 6, 7, 23) SHALL be unsealed upon the filing of an amended complaint. If no amended complaint is filed, the filings SHALL remain sealed.

(6) If Defendants wish to supplement or amend their Motion to Compel Arbitration (Dkt. No. 23) in light of the amended pleading, Defendants are DIRECTED to (1) file a supplemental brief or (2) file a notice of withdrawal of the pending motion and a new motion to compel arbitration within **fourteen (14) days** of the service of the amended complaint. If Defendants take no action, the Court will consider the Motion to Compel Arbitration as currently briefed.

(7) If Defendants file a supplemental brief, Plaintiff shall have **fourteen (14) days** to file a response. No reply brief is permitted.

(8) The Motion to Compel Arbitration (Dkt. No. 23) is RE-NOTED to **August 31, 2023**.

Dated this 18th day of July 2023.

Tana Lin
United States District Judge

ORDER ON PLAINTIFF'S ANONYMITY - 20